```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

STEVEN CURRY #R-09761,          )
                                )
              Plaintiff,        )
                                )
    v.                          )     No.  11 C 5590
                                )
MARCUS HARDY, et al.,           )
                                )
              Defendants.       )
```

<u>MEMORANDUM ORDER</u>

This Court has just had assigned to its calendar a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint by Steven Curry ("Curry") against Stateville Correctional Center ("Stateville") Warden Marcus Hardy, Stateville Correctional Officers referred to only as "Douglas" and "Weathersby" and a Sergeant Wells, also part of the Stateville correctional staff. Curry has accompanied his Complaint with (1) an In Forma Pauperis Application ("Application"), together with an attached printout reflecting transactions in Curry's inmate trust fund account for the period from December 1, 2010 to June 16, 2011, and (2) a Motion for Appointment of Counsel ("Motion"), with those two documents having been tendered on forms provided by this District Court's Clerk's Office and containing Curry's handwritten responses to the information called for there.

Because the Motion reflects bona fide efforts by Curry to obtain counsel on his own, and because the Application confirms Curry's inability to pay normal lawyer's fees, this Court

anticipates granting the Motion once Curry has provided the information called for by 28 U.S.C. §1915 ("Section 1915") to support in forma pauperis status. In that respect, however, what Curry has furnished does not fit the Section 1915(a)(2) requirement of a certified copy of his trust fund records "for the 6-month period immediately preceding the filing of the complaint." With Curry having signed his Complaint on July 29, 2011, that calls for information spanning the months of February through July of this year--and as stated earlier, the printout that Curry has provided ends 1-1/2 months earlier.

Accordingly Curry is ordered to provide an updated printout that reflects transactions between June 9, 2011, the date of the last expenditure listed on the presently-furnished statement, and July 29. This Court will then promptly take the appropriate action to allow Curry to proceed with his claim.[1] If that added information were not received by September 7, however, this Court would be constrained to deny the Application--thus requiring Curry to pay the $350 filing fee up front.

One thing should be added to what has been said up to now. Nothing in Curry's allegations implicates Warden Hardy at all, and the only allegation as to Sergeant Wells is in Complaint ¶3

---

[1] This memorandum order expresses no view as to the substantive viability of that claim, other than to say that it surmounts the hurdle of nonfrivolousness required for in forma pauperis treatment of a prisoner's lawsuit.

2

which alleges that he granted permission for an inmate Thompson to go to the bathroom (Thompson is then alleged to have attacked Curry gratuitously after he returned). But there is no hint that Sergeant Wells was aware of any threat posed by Thompson (Complaint ¶3 ascribes knowledge of that possibility only to defendants Douglas and Weathersby, before Sergeant Wells came on the scene).

Hence this Court sua sponte strikes both Warden Hardy and Sergeant Wells as defendants. As and when the case may go forward, only Correctional Officers Weathersby and Douglas will remain as Curry's targets.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 18, 2011