Case: 1:11-cv-05590 Document #: 12 Filed: 09/12/11 Page 1 of 3 PageID #:40

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN CURRY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARCUS HARDY, et al.,<br><br>　　　　Defendants. | Case Number: 11 C 5590<br><br>Judge: Milton I. Shadur |

**MOTION FOR RELIEF FROM APPOINTMENT**

NOW COMES recently appointed attorney, Matthew J. Huster, for his Motion for Relief of Appointment in the above-captioned case pursuant to the United States District Court for the Northern District of Illinois Local Rules 83.38 and 83.39, and states the following:

1. At the present time I am the sole associate in small medical malpractice firm, Pavalon and Gifford. Presently, I am required to interview clients, issue and answer all discovery requests, appear at case management conferences and schedule, prepare and take party, treater, and expert depositions in approximately 45-50 medical malpractice and complex injury lawsuits in the Circuit Courts of Illinois. All of these tasks are performed without the assistance of a paralegal or legal assistant.

2. I am responsible for handling case management conferences and depositions in various counties outside of Cook, including Macon, Marion, Winnebago, Lake and DuPage. I estimate that in the coming two months I will spend multiple days

out of the office to perform these duties.

3. I will be required to attend several out-of-state physician depositions in the coming months in New York, Pennsylvania, Nevada and Wisconsin.

4. One of my firm's cases in the Circuit Court of Cook County, *Szafranowski v. Azco, et al*, Court Number 07 L 1704, a construction negligence case with serious physical injuries and involving multiple defendants, is anticipated to go to trial in early winter. I will be responsible for the setting and taking of various expert depositions, approximately 10-15 evidence depositions, as well as the overall preparation for a 3-4 week trial in Cook County.

5. Since my admission to the bar, I have never handled a Section 1983 civil rights case. Furthermore, none of the principals of my firm have handled any civil rights cases, so I cannot look to them to help me get up to speed on the issues at hand or answer questions regarding filings. In accordance with Local Rule 83.38(a)(2)&(4), it is my opinion that I am not competent to represent Mr. Curry in this particular action.

6. In addition to my professional calendar, my wife and I recently had our first child and since we both work, my duties and responsibilities as a lawyer are replaced by my duties and responsibilities of taking care of a 4 month old child once I leave the office.

      For these reasons, I do not believe I can appropriately represent Mr. Curry according to the professional standards as stated in the Illinois Rules of Professional Conduct as I do not have the necessary time to properly represent Mr. Curry as a result of the temporary burden associated with my professional commitments to my firm and current clients. In accordance with Local Rules 83.38 and 83.39 I ask that this Court issue an order discharging and relieving appointed counsel from further representation of Mr. Curry in this action.

      WHEREFORE, I, Matthew J. Huster, hereby request that this Honorable Court grant my motion for relief of appointment under The Norther District Of Illinois Local Rule 83.38(a)(2)&(4).

                                        Respectfully Submitted,

                                      By:   /s Matthew J. Huster

                                                 Attorney for Plaintiff

Pavalon & Gifford  
Two North LaSalle Street  
Suite 1600  
Chicago, Illinois 60602  
312-419-7400