IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN CURRY,                )
                             )
            Plaintiff,       )
                             )
    v.                       )    No. 11 C 5590
                             )
BRIAN WEATHERSBY,            )
                             )
            Defendant.       )

## MEMORANDUM ORDER

In anticipation of the forthcoming trial of this 42 U.S.C. §1983 ("Section 1983") action brought by Stateville Correctional Center ("Stateville") inmate Steven Curry ("Curry") against Stateville correctional officer Brian Weathersby ("Weathersby"), this memorandum order deals with Weathersby's two motions in limine. Those motions, both filed on October 10 of this year and responded to on October 18, seek:

   1. "to exclude improper expert witnesses" and

   2. "to exclude evidence regarding any alleged failure to follow or a deviation from IDOC policies and procedures."

### Motion 1

Curry's response correctly characterizes Weathersby's first motion as a straw man, because there is no predicate for anticipating that layman Curry will be asked to offer, or will offer, "medical opinions even though he has no medical training." That sort of meritless argument has regrettably become part of the stock in trade of some defense lawyers in cases that assert

adverse physical or mental effects from claimed tortious conduct by their clients.

It is of course perfectly proper for the victim of a physical attack to testify about his own physical condition and injuries. Curry's counsel has understandably cited a number of District Court rulings by colleagues of this Court that allow such testimony. More importantly, because no such ruling has precedential effect, Curry's counsel points as well to Hendrickson v. Cooper, 589 F.3d 887, 890-93 (7th Cir. 2009), a case that directly upholds that common sense principle as well as approving, to guide factfinding juries, the "often-used language that is standard in damages instructions" (id. at 893).

In candor, it is difficult to be patient with such less-than-makeweight arguments of the type advanced by defense counsel here. Lawyers do not seem to realize that the loss of credibility that attaches to presenting such arguments may create the risk of casting doubt on otherwise supportable contentions.

## Motion 2

Here Weathersby's counsel argues briefly that testimony of the type to which he objects is assertedly irrelevant and unfairly prejudicial to Weathersby because "it will serve to confuse the jury and improperly lead the jury to conclude that such a deviation is akin to deliberate indifference." That position is simply wrong as to such purported irrelevancy and is

without merit as to the assertion of unfair prejudice.[1]

Clearly the establishment of a custodial institution's policies, procedures and practices as to shackling or unshackling of inmates confirms the recognized dangers that counsel such restraints. And by the same token, a correctional officer's violations of those policies, procedures and practices--although not in themselves Section 1983 violations, because they breach requirements of state rather than federal law--can be taken by a factfinder to support a claim (say) of deliberate indifference to the constitutional rights of a victim who has been placed in peril by such violations and has been injured physically by an unshackled fellow inmate who should have been--but was not--kept in shackles. This motion too is wanting in merit, and again appropriate jury instructions will provide a shield against <u>unfair</u> prejudice.

## Conclusion

Both of Weathersby's motions in limine are denied. As already indicated, the issues that they seek to raise do <u>not</u> give rise to the exclusion of evidence--and to the extent that any guidance is required for consideration by the jury, appropriate

---

[1] All relevant evidence is of course prejudicial to the party against whom it is offered (else it would not be admissible). That is why the balancing approach of Fed. R. Evid. 403 speaks of "<u>unfair</u> prejudice."

3

jury instructions will be considered.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  November 21, 2013